THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE MARQUISE PHELPS | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 24 C 2325 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| COOK COUNTY SHERIFF | ) | |
| THOMAS J. DART, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

Plaintiff Jermaine Marquise Phelps brings claims for excessive force and violations of his rights under the Eighth and Fourteenth Amendments to the Constitution against Defendants Cook County, Cook County Sheriff Thomas J. Dart, in his official capacity, and Officer Kevan Jackson in his individual capacity. Phelps alleges that, while in Cook County Department of Corrections ("CCDOC") custody, Officer Jackson beat him pursuant to a policy and custom of deliberate disregard for detainee rights. Phelps seeks compensatory and punitive damages. Cook County and Sheriff Dart move to dismiss Phelps's *Monell* claim. (Dkt. 49). For the following reasons, the Court grants Defendants' Motion [49].

**BACKGROUND**

On February 14, 2024, Phelps was a pre-trial detainee in CCDOC custody.[1] (*Id.* at ¶ 4). That day, CCDOC Officer Kevan Jackson was assigned to Phelps's "tier." (*Id.* at ¶ 10). When Officer Jackson directed Phelps to turn around and be secured; Phelps refused. (*Id.* ¶ 11). Officer

---

[1] For the purposes of this Motion, the Court accepts all well-pleaded allegations in the Second Amended Complaint, (Dkt. 44), as true and draws all reasonable inferences in favor of Phelps.

Jackson then pursued Phelps, pushing him over a bed and repeatedly striking his head and body. (*Id.* at ¶ 12).

Phelps' three-claim Second Amended Complaint alleges excessive force under 42 U.S.C. § 1983 against Officer Jackson (Claim One), a *Monell* claim against Sheriff Dart and Cook County also under 42 U.S.C. § 1983 (Claim Two), and a claim for indemnification against Sheriff Dart under 745 ILCS 10/9-102 (Claim Three). (Dkt. 44 ¶¶ 17–25). Cook County and Sheriff Dart move solely to dismiss the *Monell* claim. (Dkt. 49; Dkt. 55 at 4).

## LEGAL STANDARD

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Specifically, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.' " *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Further, the moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## DISCUSSION

To prevail on a *Monell* claim, a plaintiff must show that some violation of his constitutional rights was caused by an express government policy, a widespread practice amounting to a custom, or a final decisionmaker whose words have the effect of policy. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2021) (en banc) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). "For a *Monell* claim to survive a motion to dismiss, a plaintiff must plead facts that plausibly suggest that: (1) she was deprived of a constitutional right; (2) the deprivation can be traced to some municipal action (i.e., a policy or custom), such that the challenged conduct is properly attributable to the municipality itself; (3) the policy or custom demonstrates municipal fault, (i.e., deliberate indifference); and (4) the municipal action was the moving force behind the federal-rights violation." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (citing *Spiegel v. McClintic,* 916 F.3d 611, 617 (7th Cir. 2019) (cleaned up).

Phelps does not challenge any Cook County policy as facially unconstitutional. Nor does he plead that Sheriff Dart made some final decision in his treatment. (*See* Dkt. 44). Instead, he traces his alleged rights violations to the failure of Cook County "to establish and/or implement policies, practices and procedures to ensure that correctional officers refrained from using excessive force or administering cruel and unusual punishment to inmates and pretrial detainees" and/or its failure to enforce existing policies "aimed at preventing the use of excessive force against pretrial detainees/inmates." (Dkt. 44 ¶¶ 22 (a)–(b)). Put differently, Phelps argues that Cook

County failed to adopt necessary policies aimed at preventing use of excessive force and/or customarily failed to enforce its existing policies.

Phelps's attempt to identify a Cook County practice or policy as the "moving force" behind the alleged violations of his rights is tenuous at best. Specifically, his allegations that his injuries derived from a municipal policy or custom of ignoring the Illinois Jail Standards and constitutional safeguards border on conclusory recitations of a *Monell* claim's elements. (*Id.* ¶¶ 13–16). But even if Officer Jackson's actions resulted from some municipal policy or practice, Phelps's *Monell* claim nonetheless fails because he does not allege facts plausibly suggesting Cook County is at fault.

A municipality is at fault for its inaction only when its inaction is "so likely to result in the violation of constitutional rights [that] the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent" to the risk of rights violations. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). Where a plaintiff does not challenge the facial constitutionality of a policy, he must "generally prove a prior pattern of similar constitutional violations" such that the municipality is "on notice of the unconstitutional consequences" of its course. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 236 (7th Cir. 2021). Only in exceptional circumstances where municipal inaction so patently and obviously risks violating the constitution may *Monell* liability attach for a single instance of harm. *Connick v. Thompson*, 563 U.S. 51, 64 (2011).

First, Phelps's Complaint fails to allege any obvious deficiency in Cook County policies or practices. The Complaint does not explain how Cook County's policies or practices facilitated Phelps's abuse; instead, the Complaint asks for the Court to extrapolate Cook County's deliberate indifference from an isolated incident of one employee's misconduct. But, without more detail, the Court cannot infer that municipal policies and practices patently and obviously risked

4

constitutional harm. *See e.g., Lux v. City of Whitewater*, 631 F. Supp. 3d 647, 675 (E.D. Wis. 2022) (dismissing a *Monell* claim because court may not infer the existence of policy or practice where plaintiff does not identify one); *Williams v. Cnty. of Cook*, 969 F. Supp. 2d 1068, 1082 (N.D. Ill. 2013) (same). This sort of *respondeat superior* liability is not countenanced by a municipal liability theory. *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021); *See Giese v. City of Kankakee*, 71 F.4th 582, 590 (7th Cir. 2023) (" '[A] constitutional violation must be a blatantly obvious consequence of inaction for single-incident liability' to apply.") (citations modified).

Second, Phelps provides no facts in his Complaint to suggest that Cook County is deliberately indifferent to the risk of its correctional officers deploying excessive force against detainees. (*See* Dkt. 44). Phelps merely states that Sheriff Dart (and, through him, Cook County) implemented and enforced "Illinois Jail Standards, Illinois Law Enforcement Training Standards, and the policies and procedures of the CCDOC." (Dkt. 44 ¶ 9). If Phelps demonstrated a pattern of similar constitutional violations stemming from the inadequacy of those policies or their implementation, then this Court *might* be able to infer Cook County's deliberate indifference toward detainees' constitutional rights. But Phelps does not do that; instead, he baldly asserts that "the use of excessive force against inmates and detainees at Cook County Jail was widespread prior to and at the time of occurrence and well known to Sheriff Dart." (*Id.* at ¶ 16). Because the alleged facts do not suggest the preceding events put Sheriff Dart or Cook County on notice of the risks of CCDOC's widespread practices or existing detainee protections, Phelps's claim cannot move forward under this theory either. (*See generally* Dkt. 44).

Phelps attempts to salvage the obvious deficiencies in his Complaint by noting that he has not had access to discovery, that Cook County has not yet produced copies of the pertinent policies and procedures for correctional officers, and that Officer Jackson and "the other officers who were

involved" have not been deposed. (Dkt. 51 ¶ 2). He argues that the Court ought to afford him such discovery because he "more than adequately provided notice to the Defendants of the nature of his claim." (*Id.* at ¶ 3). His argument belies the pleading standard. *Iqbal*, 556 U.S. at 678–9 (noting that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). The practicality of discovery to substantiate his allegations does not make his allegations sufficient.

## **CONCLUSION**

For the forgoing reasons, the Court grants Defendants' Motion to Dismiss [49] the *Monell* claim without prejudice and with leave to amend.

Virginia M. Kendall
United States District Judge

Date: September 11, 2025